THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RYLEE MATTHEW FLEURY,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CHARLIE PLATT, *et al.*,<br><br>　　　　　　Defendants. | CASE NO. C24-1321-JCC<br><br>ORDER |

This matter comes before the Court on motions to dismiss from the following Defendants: FedEx Corporation and Fredrick W. Smith (Dkt. No. 12); Shell USA, Inc. (Dkt. No. 14); Gretchen Watkins (Dkt. No. 15); and Universal Protection Services, LP (named in the complaint as "Allied Universal Services"), through a notice of joinder (Dkt. No. 23). Having thoroughly considered the briefing and the relevant record, the Court GRANTS each motion as described below for the reasons explained herein.

I.   BACKGROUND

This case arises from Plaintiff's termination following his refusal to wear a mask when making FedEx package deliveries during the COVID-19 pandemic. (*See generally* Dkt. No. 5.) According to the Amended Complaint,[1] Plaintiff worked as a delivery driver for Defendant

---

[1] Plaintiff's 101-page *pro se* Amended Complaint is not a model of clarity. It is heavy on legal citation and conclusory allegations yet light on factual assertions. (*See generally* Dkt. No. 5.)

ORDER
C24–01321–JCC
PAGE – 1

Kinetic Logistics, a FedEx contractor. (*Id.* at 18.)

In August 2021, Plaintiff attempted a delivery to Shell's Anacortes refinery, where security personnel contracted through Universal Protection Services confronted Plaintiff. (*Id*. at 19.) They instructed Plaintiff to wear a mask, which he refused to do on medical and religious grounds. (*Id*. at 19–20.) Shell relayed an account of the incident to Kinetic and informed Kinetic that Plaintiff is not permitted on Shell's premises without a mask. (*Id*. at 20–21.) Kinetic then directed Plaintiff to wear a mask when making deliveries to Shell despite his asserted medical and religious concerns. (*Id.*) Plaintiff attempted another delivery to Shell's facility, again unmasked, and was told to leave. (*Id*. at 21.) An account of this incident was relayed to Kinetic, who terminated Plaintiff for his repeated refusals to wear a mask or submit to COVID-19 testing. (*Id*. at 21–22.) According to Plaintiff, Kinetic would not honor his medical or religious bases for not wearing a mask. (*Id.*)

Plaintiff filed a complaint in August 2024, which he later amended as of right. (Dkt. Nos. 1, 5.) His Amended Complaint, as much as the Court can discern, includes causes of action for civil rights violations, discriminatory conduct, a failure to accommodate, wage violations, and tort-based claims (amongst others). (*See generally* Dkt. No. 5.) Plaintiff's claims appear to be brought against all Defendants. (*Id.*) He brings them on behalf of himself and similarly situated individuals. (*Id.* at 17–18.)

Defendants now move to dismiss. Specifically, FedEx and Mr. Smith move to dismiss for failure to state a claim and for lack of personal jurisdiction over Mr. Smith. (Dkt. No. 12). Shell and Ms. Watkins move on similar grounds, (*see generally* Dkt. No. 15), to which Universal joins, (*see generally* Dkt. No. 23).

---

Nevertheless, the Court does its best to glean its allegations and assertions in accordance with the Ninth Circuit's mandate to liberally construe *pro se* pleadings. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).

ORDER
C24–01321–JCC
PAGE – 2

## II.  DISCUSSION

### A.  Defendants Watkins and Smith

The Court first addresses Mr. Smith and Ms. Watkins' Rule 12(b)(2) motion, which argues that this Court lacks personal jurisdiction over them. (*See* Dkt. Nos. 12 at 8–10, 15 at 5–6.) A court may only assert personal jurisdiction over a defendant "when the defendant has sufficient [minimum] contacts within [Washington] 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 880 (2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). To the extent such contacts are sufficient, general or specific jurisdiction results. *See, e.g.*, *HDT Bio Corp. v. Emcure Pharm., Ltd.*, 704 F. Supp. 3d 1175, 1184 (W.D. Wash. 2023).

Plaintiff's complaint fails to establish this Court's jurisdiction over Mr. Smith or Ms. Watkins. As to general jurisdiction, Mr. Smith is alleged to be domiciled in Tennessee, (Dkt. No. 5 at 13–14), and Ms. Watkins is alleged to be a Texas citizen, (*id*. at 14). Therefore, they cannot be "fairly regarded as home" in Washington. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011); *see Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (for an individual defendant, personal jurisdiction is contingent on one's domicile). As to specific jurisdiction, Plaintiff only alleges that Ms. Watkins is Shell's president and Mr. Smith is FedEx's CEO. (Dkt. No. 5 at 14.) Their official roles at the company, without more, do not support a finding of the purposeful availment and/or direction needed to establish personal jurisdiction. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

Accordingly, Plaintiff's claims against Mr. Smith and Ms. Watkins are DISMISSED without prejudice.

### B.  Defendants FedEx, Shell, and Universal

The Court next addresses FedEx, Shell, and Universal's Rule 12(b)(6) motions to dismiss based on the failure to state a claim. (*See* Dkt. Nos. 12 at 10–20, 14 at 4–17, 23 at 1–3.)

1.  Rule 12(b)(6) Motion – Legal standard:

A defendant may move for dismissal when a plaintiff "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the pleading standard does not require detailed factual allegations, it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Thus, when a complaint fails to make "either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory," it is subject to dismissal pursuant to Rule 12(b)(6). *Bell A. Corp. v. Twombly*, 550 U.S. 544, 562 (2007). In addition, a complaint is subject to dismissal if the moving party is entitled to judgment as a matter of law. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

2.  Plaintiff Fails to State a Claim Against FedEx, Shell, or Universal

Plaintiff asserts various claims alleging that Universal, in implementing FedEx's and Shell's masking policies,[2] refused to accommodate Plaintiff's medical and religious reasons for not wearing a mask. (Dkt. No. 5 at 19–23.) None are adequately pleaded.

i.  42 U.S.C. § 1983

First, Plaintiff asserts a claim pursuant to 42 U.S.C. § 1983. (*See* Dkt. No. 5 at 29–36.) To state a § 1983 claim, Plaintiff must demonstrate that the defendants acted under color of state law. *See Learned v. City of Bellevue*, 860 F.2d 928, 933 (9th Cir. 1988). Here, Plaintiff argues that Universal, FedEx, and Shell, by "[i]mplementing and enforcing government mask

---

[2] Plaintiff ascribes joint liability to FedEx and Shell based on a theory of joint employment. (Dkt. No. 5 at 92–93.) The Ninth Circuit has articulated five factors for determining a joint employer: "(A) The nature and degree of control of the workers; (B) The degree of supervision, direct or indirect, of the work; (C) The power to determine the pay rates or the methods of payment of the workers; (D) The right, directly or indirectly, to hire, fire, or modify the employment conditions of the workers; [and] (E) Preparation of payroll and the payment of wages." *Torres-Lopez v. May*, 111 F.3d 633, 638 (9th Cir. 1997). Plaintiff makes no allegations supporting any of these factors. (*See generally* Dkt. No. 5.)

mandates," became government actors. (Dkt. No. 5 at 6.) The Ninth Circuit recognizes four instances when private action is taken under the color of state law: "(1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus." *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835–36 (9th Cir. 1999). Plaintiff's allegations, (*see generally* Dkt. No. 5), satisfy none of the standards.[3]

While Plaintiff asserts that Defendants were "[c]oordinating with state officials on enforcement policies," (Dkt. No. 5 at 6), he fails to support this assertion with *any* factual allegations. (*See generally id.*) And mere "compliance with generally applicable laws" is insufficient "to convert private conduct into state action." *Heineke v. Santa Clara Univ.*, 965 F.3d 1009, 1013 (9th Cir. 2020). Nor does Plaintiff provide allegations supporting the other ways a private party can act under the color of state law, (*see generally* Dkt. No. 5), such as through joint action or a governmental nexus. *See Jensen v. Lane Cnty.*, 222 F.3d 570, 575 (9th Cir. 2000) (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 350, 357–58, 95 (1974)).

Accordingly, Plaintiff fails to allege a § 1983 claim against FedEx, Shell, or Universal.

ii. <u>42 U.S.C. § 1985</u>

Plaintiff also brings a claim pursuant to 42 U.S.C. § 1985 based on an alleged conspiracy to deprive him of his constitutional rights. (Dkt. No. 5 at 39–40.) Again, this claim is not plausibly pleaded for many reasons, including the failure to allege an agreement or discriminatory animus.

As to the existence of an agreement, Plaintiff must show that the defendants, in fact,

---

[3] Plaintiff cites *Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982) and *Brentwood Academy v. Tenn. Secondary School Athletic Ass'n*, 531 U.S. 288 (2001). However, *Edmondson Oil* passed the public function test because both private actors and state actors were present together to seize the plaintiff's property, 457 U.S. at 926, likewise, *Brentwood Academy* involved private and government entities being so intertwined to point of largely overlapping identity. 531 U.S. at 303. Here, Plaintiff's allegations do not support the notion that state and private actors were so intertwined as to be indiscernible; rather, he describes the conduct of private actors unilaterally enforcing generally applicable public health mandates. (*See generally* Dkt. No. 5.)

conspired with one another. *See Ziglar v. Abbasi*, 582 U.S. 120, 154 (2017). But his allegations merely describe a series of communications between Shell, FedEx, and Kinetic regarding Plaintiff's repeated refusal to wear a mask. (*See, e.g.*, Dkt. No. 5 at 23.) Such communications, alone, do not establish an agreement or conspiracy. *See, e.g., Barnes v. City of Milton*, 2009 WL 3294870, slip op. at 5 (W.D. Wash. 2009). Plaintiff must also show that Defendants' actions were motivated by class-based discriminatory animus. *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). The complaint is devoid of such allegations. (*See generally* Dkt. No. 5.)

As a result, Plaintiff fails to allege a § 1985 claim against FedEx, Shell, or Universal.

iii. Title VII

Plaintiff next asserts Title VII discrimination and retaliation claims pursuant to the Civil Rights Act of 1964. (Dkt. No. 5 at 36–39.) But Plaintiff does not affirmatively plead exhaustion and, even if he did, the claim(s) are not plausibly pleaded for many reasons. This includes that the complaint provides only vague references to the religious beliefs barring Plaintiff from complying with Defendants' mask policies. (*See generally* Dkt. No. 5.)

As to exhaustion, "[a] person seeking relief under Title VII must first file a charge with the EEOC [Equal Employment Opportunity Commission] within 180 days of the alleged unlawful employment practice." *See Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1104 (9th Cir. 2008) (citing 42 U.S.C. § 2000e–5(e)(1)). Curiously, Plaintiff's complaint describes the required contents of an EEOC charge, (Dkt. No. 5 at 25), but fails to allege that he actually brought an EEOC charge (nor does it include a copy of his right to sue letter). (*See generally id.*)

As to the merits, Plaintiff's argument seems to be that Defendants' collective conduct represents religious discrimination. (*Id.* at 36–37.) But Plaintiff's supporting allegations, again, are wholly conclusory. Plaintiff fails to allege, for example, what his religious beliefs even are, or how they conflicted with an employment duty. (*See generally id.*) This is well short of what is needed to assert a *prima facie* case of religious discrimination. *See, e.g., Bartholomew v. Washington*, 693 F. Supp. 3d 1107, 1114 (W.D. Wash. 2023); *Feds for Freedom v. Austin*, 2024

ORDER
C24–01321–JCC
PAGE – 6

WL 2922804, slip op. at 10 (W.D. Wash. 2024).

Plaintiff similarly fails to establish a *prima facie* case of retaliation. *See Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 891 (9th Cir. 1994). According to Plaintiff, he was terminated for *failing to comply* with a mask policy. (*See generally* Dkt. No. 5.) He does not allege that he was terminated for *objecting* to a mask policy. (*Id.*) There is a material difference between the two. In turn, only the latter would be a proper basis for a Title VII retaliation claim. *See* 42 U.S.C. § 2000e–3; *see also Koch v. Cal. Water Serv. Co.*, 2024 WL 4753850, slip op. at 11 (E.D. Cal. 2024) ("Plaintiff was not terminated for objecting to Defendant's COVID-19 policy . . . he was terminated for refusing to comply with it.").

As such, Plaintiff fails to allege a Title VII violation by FedEx, Shell, or Universal.

####      iv.    Disability Discrimination Under the ADA and WLAD

Plaintiff also asserts claims under the Americans with Disability Act ("ADA") and the Washington Law Against Discrimination ("WLAD"). (Dkt. No. 5 at 37–39, 53–54.) This is based on a supposed breathing impairment. (*See id.* at 38.) Once again, the claims are not plausibly pleaded. (*See generally id.*)

To assert a *prima facie* disability discrimination claim, a plaintiff must plead numerous facts, including the existence of the qualifying disability.[4] *See Staub v. Boeing Co.*, 919 F. Supp. 366, 369 (W.D. Wash. 1996); *Riehl v. Foodmaker, Inc.*, 94 P.3d 930, 934 (Wash. 2004). Plaintiff merely alleges the existence of "a medical condition" that "exempted him from wearing a face mask." (Dkt. No. 5 at 19.) But he fails to allege *what* his disability is and *how* it interfered with wearing a mask. He cannot self-diagnose a disability for purposes of plausibly pleading claims

---

[4] The ADA defines "disability" as: (1) a physical or mental impairment that substantially limits one or more of the major life activities of such individual, (2) a record of such impairment, or (3) being regarded as having such an impairment. *Kaplan v. City of N. Las Vegas*, 323 F.3d 1226, 1231 (9th Cir. 2003) (quoting 42 U.S.C. § 12102(2)). The WLAD defines a disability as "the presence of a sensory, mental, or physical impairment that: (1) Is medically cognizable or diagnosable; or (2) Exists as a record or history; or (3) Is perceived to exist whether or not it exists in fact." Wash. Rev. Code § 49.60.040(7)(a).

ORDER
C24–01321–JCC
PAGE – 7

here. *See, e.g.*, *Hooker v. Adams*, 2008 WL 2788404, slip op. at 8–9 (E.D. Cal. 2008); *Felkins v. City of Lakewood*, 774 F.3d 647, 651–52 (10th Cir. 2014).

Therefore, Plaintiff fails to allege ADA and WLAD disability claims against FedEx, Shell, or Universal.

                v.    Tortious Interference & Breach of Implied Contract

Plaintiff further asserts claims for tortious interference and breach of an implied contract. (Dkt. No. 5 at 50–53, 58, 59, 64.) This requires, amongst other things, the existence of a contractual relationship or, at least, a business expectancy. *See T-Mobile USA, Inc. v. Huawei Device USA, Inc.*, 115 F. Supp. 3d 1184, 1194 (W.D. Wash. 2015) (internal citations omitted); *Chandler v. Wash. Toll Bridge Auth.*, 137 P.2d 97, 101 (Wash. 1943). But nothing in the pleading suggests Plaintiff is anything but an at-will employee. (*See generally* Dkt. No. 5.) In turn, Plaintiff can be terminated for any reason and has no reasonable expectancy otherwise. *See Rose v. Anderson Hay & Grain Co.*, 358 P.3d 1139, 1141 (Wash. 2015). Thus, Plaintiff fails to allege tortious interference or a breach of an implied contract.[5]

                vi.    Privacy-Based Claims

The complaint also references Washington's Privacy Act, RCW 9.73, and asserts, in conclusory fashion, that Defendants violated this and common law invasion of privacy rules. (*Id.* at 56.) The Privacy Act prohibits the disclosure or intercept of private communications, *Lewis v. State, Dept. of Licensing*, 139 P.3d 1078, 1083 (Wash. 2006), and Washington common law separately allows for invasion of privacy claims. *See, e.g.*, *Reid v. Pierce Cnty.*, 961 P.2d 333, 338 (Wash. 1998). But again, the complaint fails to provide allegations supporting either. (*See generally* Dkt. No. 5.) Thus, Plaintiff fails to allege privacy-based claims against FedEx, Shell, or Universal.

---

[5] Similarly and relatedly, Plaintiff's complaint also references Washington's Consumer Protection Act ("CPA"), RCW 19.86.020, and lists its elements. (Dkt. No. 5 at 54–55.) But it fails to provide any factual allegations supporting those elements. (*See generally id.*) Thus, Plaintiff fails to allege a CPA claim.

          vii.   <u>Wage-Based Claims</u>

Finally, the complaint also lists the elements for a wage claim under Washington law. (Dkt. No. 5 at 56–57.) And indeed, Washington has a myriad of wage-based laws, including the Minimum Wage Act, RCW 49.46. But, yet again, Plaintiff fails to allege any facts to support a wage claim. (*See generally* Dkt. No. 5.) Thus, to the extent Plaintiff even meant to assert such a claim, he once again fails to do so.

**C.**        **Class-Based Request(s)**

According to the complaint, Plaintiff brings suit on behalf of himself and similarly situated individuals. (*See* Dkt. No. 5 at 17–18, 68–70.) But *pro se* plaintiffs cannot represent a class. *See Simon v. Hartford Life, Inc.* 546 F.3d 661, 664 (9th Cir. 2008). The primary reason being that the "[a]bility to protect the interests of the class depends in part on the quality of counsel and we consider the competence of a layman representing himself to be clearly too limited to allow him to risk the rights of others." *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (citation omitted). Therefore, all class-based claims are procedurally barred.

**D.**        **Remaining Defendants – Order to Show Cause**

As a final matter, the Court turns to Plaintiff's Rule 4 compliance. Plaintiff filed his original complaint on August 22, 2024. (Dkt. No. 1.) As such, he was required to serve all named Defendants by November 22, 2024. *See* Fed. R. Civ. P. 4(m) (providing a 90-day time limit for service absent a showing of good cause).[6] Yet Plaintiff has not provided the Court with any affidavits of service. *See* Fed. R. Civ. P. 4(l). Thus, the Court ORDERS Plaintiff to show cause why he has failed to comply with Rule 4 as to all Defendants who have not yet lodged an appearance (and correspondingly moved to dismiss).

---

[6] Plaintiff later amended the complaint by right. (Dkt. No. 5.) But this does not restart Rule 4's time limit(s) for serving defendants named in the original complaint. *See, e.g.*, *Lomma v. Connors*, 2021 WL 5409289, slip op. at 1 (D. Haw. 2021). And here, the named defendants did not change between the original and amended complaint. (*Compare* Dkt. No. 1 at 1, *with* Dkt. No. 5 at 1.)

### III. CONCLUSION

For the reasons described above, Defendants' motions to dismiss (Dkt. Nos. 12, 14, 15) are GRANTED. The Court ORDERS as follows:

- All claims against Ms. Watkins and Mr. Smith are DISMISSED without prejudice.
- All claims against FedEx, Shell, and Universal are DISMISSED with prejudice.
- Because it does not appear that the pleading deficiencies and failures in law described above could be cured through amendment, the Court will not provide Plaintiff leave to amend. *See, e.g.*, *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018) (leave to amend need not be granted if it would be futile).
- All class-related allegations and requests for relief shall be STRICKEN from the Amended Complaint as procedurally barred.
- Plaintiff is ORDERED TO SHOW CAUSE within 30 days why his suit against all remaining defendants should not be dismissed for lack of prosecution.

DATED this 13th day of February 2025.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE