THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RYLEE MATTHEW FLEURY, | CASE NO. C24-1321-JCC |
| Plaintiff, | ORDER |
| v. | |
| CHARLIE PLATT, *et al.*, | |
| Defendants. | |

This matter comes before the Court on Plaintiff's motion for reconsideration (Dkt. No. 28) of this Court's order (1) dismissing certain Defendants[1] from this case and (2) for Plaintiff to show cause why the remaining Defendants should not be dismissed for failure to prosecute (Dkt. No. 24). As to the first, such motions are generally disfavored. LCR 7(h)(1). They are only appropriate based on "manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." LCR 7(h)(1)–(2). Plaintiff provides neither. As to the second, the Court directed Plaintiff to demonstrate why his failure to comply with Rule 4[2] for the remaining Defendants should be excused. (*See* Dkt. No. 24 at 10.) In response, he presents the Court with

---

[1] Gretchen Watkins, Fredrick W. Smith, FedEx Corporation, Shell USA, Inc., and Universal Protection Services, LP.

[2] An affidavit of service must be filed with the Court demonstrating service of a defendant within 90 days after the complaint is filed. Fed. R. Civ. P. 4(l), (m).

ORDER
C24–1321–JCC
PAGE – 1

documentation suggesting that he attempted service of some by certified mail. (Dkt. No. 28 at 12–13.) This is insufficient to establish adequate service.[3]

For the foregoing reasons, Plaintiff's motion for reconsideration (Dkt. No. 28) is DENIED and all claims against the remaining Defendants are DISMISSED without prejudice for failure to prosecute.

DATED this 7th day of March 2025.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[3] Under federal law, individuals must be served (1) in accordance with state law; (2) by serving the summons and complaint to the individual personally; (3) by leaving a copy of each at the individual's dwelling or usual place of abode with a person of suitable age; or (4) by delivering a copy to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e)(1)–(2). Under Washington law, a defendant must be served either personally or by leaving a copy of the summons at the house of the defendant's usual abode with a person of suitable age. RCW § 4.28.080(16). Service by mail is generally not permitted. *See Saepoff v. Riehle*, 2017 WL 1426197, slip op. at 5 n.5 (W.D. Wash. 2017).

ORDER
C24–1321–JCC
PAGE – 2