THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RYLEE MATTHEW FLEURY, | CASE NO. C24-1321-JCC |
| Plaintiff, | ORDER |
| v. | |
| CHARLIE PLATT, *et al.*, | |
| Defendants. | |

This matter comes before the Court on Plaintiff's motion for relief from judgment (Dkt. No. 33). The Court DENIES the motion for the reasons explained herein.

Plaintiff sued FedEx Corporation, Shell USA, Inc., their respective officers Fredrick W. Smith and Gretchen Watkins, Universal Protection Services, LP, along with other parties, asserting claims based on alleged violations of his constitutional rights. (*See generally* Dkt. No. 5.) The Court dismissed Plaintiff's complaint against Mr. Smith and Ms. Watkins without prejudice for lack of personal jurisdiction (Dkt. No. 24 at 3) and against FedEx, Shell, and Universal with prejudice for failure to state a claim (*id*. at 4–9). It also ordered Plaintiff to show that he had properly served all remaining named defendants, in compliance with Federal Rule of

ORDER
C24-1321-JCC
PAGE - 1

1  Civil Procedure 4(m).[1] (Dkt. No. 24 at 9.) Plaintiff failed to do so and the Court dismissed the remaining defendants without prejudice. (Dkt. No. 31.) It also issued judgment as to all defendants. (Dkt. No. 32.). Plaintiff now asks for relief from this judgment. (Dkt. No. 33.)

A court may relieve a party from a final judgment when there is newly discovered evidence that could not have been discovered in time to move for a new trial. Fed. R. Civ. P. 60(b)(2). To obtain such relief, the movant must show the evidence (1) existed at the time of the trial, (2) could not have been discovered through due diligence, and (3) was "of such magnitude that production of it earlier would have been likely to change the disposition of the case." *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir. 1990) (citing *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 211 (9th Cir. 1987)).

Here, Plaintiff's "newly discovered evidence" consists of "Court notices"[2] sent to the wrong address and returned certified mail receipts from packets mailed to these defendants. (Dkt. No. 34 at 2–3.)[3] This will not do.

A plaintiff must effect service either in accordance with state law or through one of the following processes: (1) delivering a copy of the summons and complaint to the individual personally; (2) leaving a copy of each at the individual's dwelling or usual place of abode; or (3) providing a copy of each to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e)(1)–(2). Under Washington law, a defendant must be served either personally or by leaving a copy of the summons at the defendant's usual abode with "some

---

[1] Plaintiff filed his original complaint on August 22, 2024. (Dkt. No. 1.) As such, he was required to serve all named defendants by November 22, 2024. *See* Fed. R. Civ. P. 4(m) (providing a 90-day time limit for service absent a showing of good cause).

[2] Plaintiff does not elaborate if "Court notices" refers to orders from the Court or certified mail receipts he received from mailing his complaint.

[3] Plaintiff also filed an objection to Defendant's Counsel and demands for their credentials. (*See* Dkt. No. 25.) Defendant's counsel has lodged proper Notices of Appearance with the Court (*See* Dkt. Nos. 7, 9, 10, 13, 18) and Plaintiff does not explain any reason or authority for continuing to demand evidence of their representation beyond these notices, so the Court does not find reason to address this further.

ORDER
C24-1321-JCC
PAGE - 2

person of suitable age and discretion then resident therein." RCW § 4.28.080(16). Service must be done by someone over the age of 18 and not a party to the lawsuit. Fed. R. Civ. P. 4(c)(2). Thus, under both state and federal law, service is insufficient when a copy is left only at a place of employment. *See Brooks-Joseph v. City of Seattle*, 2023 WL 5822276, slip op. at 2 (W.D. Wash. 2023).

Here, Plaintiff failed to follow the proper procedure for serving the remaining defendants. Accordingly, Plaintiff fails to show that newly discovered evidence would have "change[d] the disposition of the case." *See Jones*, 921 F.2d at 878. Instead, it merely reinforces the Court's conclusion that Plaintiff did not properly serve the remaining defendants.

For the foregoing reasons, Plaintiff's motion for relief from judgment (Dkt. No. 33) is DENIED.

DATED this 18th day of March 2025.

John C. Coughenour
UNITED STATES DISTRICT JUDGE